# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HOLLY J. FOSTER,<br><br>                      *Plaintiff,*<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                      *Defendant.* | CASE NO. 3:14-cv-00017<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

## I. INTRODUCTION

Holly J. Foster ("Plaintiff") filed her complaint in the Circuit Court of Fluvanna County seeking declaratory judgment and preliminary and permanent injunctions regarding her rights to certain property on April 4, 2014. Plaintiff claimed title to her residence at 246 The Cross Road, Scottsville, VA (hereinafter the "Cross Road Property"), and sought injunctions prohibiting Wells Fargo Bank, N.A. ("Defendant") from removing her from the property. On April 30, 2014, Defendant timely removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal ¶¶ 5–7; 28 U.S.C. § 1446(b). On May 7, 2014, Defendant filed a motion to dismiss Plaintiff's complaint as failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 20, 2014, Plaintiff filed her amended complaint, changing her declaratory judgment request to a request for an "Order to Quiet Title." Am. Compl. 9. Defendant filed a motion to dismiss Plaintiff's Amended Complaint (hereinafter "Motion to Dismiss") on June 3, 2014, asserting that Plaintiff's claim is time-barred in law and equity and that she is not entitled to injunctive relief. The Motion to Dismiss has been fully briefed by both parties. Because the facts and legal contentions are adequately presented in the material before

1

the court, oral argument would not aid the decisional process; accordingly, the Motion to Dismiss will be decided without holding a hearing.[1]

Since Plaintiff's claims are barred at law and in equity by the applicable statute of limitations and do not request relief which this Court could provide, this Court will grant Defendant's Motion to Dismiss Plaintiff's amended complaint.

## II. BACKGROUND[2]

Plaintiff purchased the Cross Road Property at a foreclosure sale in 1999. In 2005, Wachovia Bank, N.A. issued a $70,000 mortgage loan, listing the Cross Road Property as securing the loan. A signature appearing to be Plaintiff's is present on the deed of trust for that mortgage, but she claims she did not "seek or obtain the 2005 Deed of Trust," "was not a party to this transaction, and [that] it happened without her knowledge or consent." Am. Compl. ¶¶ 7–8. In 2006, Plaintiff granted her mother, Elaine Foster, an undivided one-half interest in the property through a Deed of Gift. Shortly thereafter, Wachovia Bank, N.A. issued another mortgage loan on the Cross Road Property, for about $122,000. Only Elaine Foster was listed as a borrower, but what appears to be Plaintiff's signature is present on the deed of trust for the 2006 mortgage. Am. Compl. ¶¶ 10–11. Again, Plaintiff avers that she was not a party to this transaction and that it happened without her knowledge or consent. Am. Compl. ¶ 12. In 2009, Wells Fargo merged with Wachovia, and Wells Fargo became the holder of the mortgage loans over the Cross Road Property. Later in 2009, Wells Fargo refinanced the 2006 loan, for a new loan amount of $113,000. Both Plaintiff and her mother, Elaine Foster, were listed as borrowers, and both of their signatures appear to be present on the deed of trust and note. Plaintiff claims

---

[1] Additionally, the parties have communicated to the Court that they waive oral argument on the motion to dismiss.

[2] The facts listed herein are undisputed. Any disagreements between the parties on the underlying facts are specifically noted.

she was not a party to this transaction and that it occurred without her knowledge or consent. Am. Compl. ¶ 15.

Plaintiff avers that she only learned of these mortgage loans secured by the Cross Road Property in 2010 and 2011, when her mother began experiencing difficulties paying the loans. In 2010, Plaintiff began trying to help her mother, but at first did not know the loans her mother referenced were secured by the Cross Road Property. But she contends that "[d]uring 2010 and 2011, as a result of communications with Wells Fargo and other entities [regarding her mother's financial difficulties], [Plaintiff] learned of the existence of the mortgages set up in 2005, 2006 and 2009 which included Deeds of Trust listing her home as security for these loans." Am. Compl. ¶¶ 16–17. "Prior to this," Plaintiff claims she "had no knowledge of these mortgage transactions." Am. Compl. ¶ 17. Plaintiff pleads that she contacted Wells Fargo and informed the company that she was not a party to the mortgage transactions at issue.

By 2011, the 2009 mortgage loan was in default. Wells Fargo sold and purchased the Cross Road Property at a foreclosure sale on August 21, 2012. Plaintiff claims this sale was defective because the "foreclosure sale was organized by a substitute trustee who was given authority to conduct such a sale by a legally ineffective document," and because "[a]lthough the foreclosure sale was supposed to be a public auction, in fact the public was not invited to bid at the sale when it was held." Am. Compl. ¶¶ 22–23. Instead, Plaintiff contends that Wells Fargo made a private bid for the property and was declared the purchaser. Am. Compl. ¶ 24.

After Plaintiff refused to move out of the Cross Road Property, Wells Fargo filed an unlawful detainer action against her in Fluvanna County General District Court on September 26, 2012. Wells Fargo nonsuited this action before judgment was entered, but re-filed an unlawful

3

detainer action in the same court on April 5, 2013.[3]  On July 9, 2013, the Fluvanna County General District Court entered judgment for Wells Fargo, which Plaintiff appealed to the Fluvanna County Circuit Court.  On February 7, 2014, that court affirmed the district court and entered judgment for Wells Fargo.  Both parties agree that neither court decided the validity of title issues presented before this Court, because the circuit court found the district court "did not have jurisdiction to make such a ruling, and that the Circuit Court was bound by those limitations in considering the case on appeal."  Am. Compl. ¶ 35.  Plaintiff claims she was not represented by counsel during this process, despite efforts to obtain counsel, and only obtained counsel in February 2014.  Plaintiff's counsel has appealed the Fluvanna Circuit Court's decision through a notice of appeal filed in March 2014, and Plaintiff claims that appeal is still pending.

Plaintiff's amended complaint requests an order to quiet title from this Court, declaring her the rightful owner of the Cross Road Property, nullifying, rescinding, and declaring void the 2005, 2006, and 2009 mortgages, and declaring void the 2012 foreclosure sale.  Am. Compl. 9.  Plaintiff also requests preliminary and permanent injunctions preventing Wells Fargo from removing Plaintiff from the Cross Road Property, both during the pendency of this action and thereafter.  Am. Compl. 9–10.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must

---

[3] Plaintiff claims this occurred because the original state court judge informed Wells Fargo that the document appointing the trustee "was flawed and ineffective" and that "he intended to grant judgment to [Plaintiff]."  Am. Compl. ¶ 30.  After this judge retired, Plaintiff claims Wells Fargo re-filed the suit.  Am. Compl. ¶ 31.

4

draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

## IV. Discussion

It is well established that federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Virginia, the substantive law of the place of the wrong governs the proceeding. *See Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986). Accordingly, in the case at hand, Virginia law applies.[4] As acknowledged by the parties, this Court has proper jurisdiction and venue over this case under 28 U.S.C. § 1332, because Plaintiff is a resident and citizen of Fluvanna County, Virginia, while Defendant is a national bank with its main office in South Dakota. Am. Compl.

---

[4] Although Virginia law applies to the substance of Plaintiff's property claims, "whether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules." *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982).

5

¶¶ 1–4; 28 U.S.C. § 1332(a)(1). The amount in controversy is well over $75,000. 28 U.S.C. § 1332(b).

Defendant essentially contends that the statute of limitations has run on Plaintiff's claims. Plaintiff really makes a claim for fraud, Defendant argues, precluded by Virginia's two-year statute of limitations for fraud claims. Mot. to Dismiss 3 (citing Va. Code § 8.01-243). Although Plaintiff makes an equitable claim for an order to quiet title, equity follows the law and bars the claim through laches because Plaintiff filed it beyond the statute of limitations. *Id.* Plaintiff counters that her action is not based on fraud, but is more analogous to an adverse possession claim. Resp. on Mot. to Dismiss 10–11. Therefore, Virginia's fifteen-year statute of limitations for adverse possession should apply, and her claim is timely filed. *Id.* Plaintiff argues this Court may grant her a rescission of the foreclosure sale on the ground that the foreclosure sale was illegal, and that she timely brought a claim for rescission. Resp. on Mot. to Dismiss 13–14.

Defendant bears the burden to show that Plaintiff's claim should be barred by the applicable statute of limitations. *See Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 839 (Va. 2008). Defendant is correct that in Virginia, equity principles follow the law. Although Plaintiff brought her claims to quiet title and for injunctive relief in equity, the doctrine of laches bars those claims if the applicable statute of limitations has expired. "The applicability of the statute of limitations is governed by the object of the litigation and the substance of the complaint, not the form in which the litigation is filed." *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity*, 587 S.E.2d 701, 707 (Va. 2003). "It is a well-established principle uniformly acted upon by courts of equity, that in respect to the statute of limitations equity follows the law; and if a legal demand be asserted in equity which at law is barred by statute, it is equally barred

6

in equity." *Id.* (citing *Belcher v. Kirkwood,* 383 S.E.2d 729, 731 (Va. 1989)); *see also Commonwealth Transp. Com'r v. Windsor Indus., Inc.*, 630 S.E.2d 514, 524–25 (Va. 2006); *Chen v. VPT, Inc.*, No. 7:08CV00419, 2008 WL 4693556, at *3 (W.D. Va. Oct. 24, 2008).

Accordingly, I must centrally determine: (1) whether Plaintiff's claims essentially sound in fraud, such that Virginia's two-year statute of limitations for fraud applies pursuant to Virginia Code § 8.01-243, and (2) if § 8.01-243 applies, whether Plaintiff timely filed her case. Plaintiff does not dispute that if the statute of limitations for fraud applies, her claims are barred. Instead, she claims the foreclosure is independently invalid because procedures listed in the notice of sale were not followed, because the substitute trustee lacked legal authority, and because the adverse possession statute of limitations should apply instead of the statute of limitations for fraud.

### A. The Nature of Plaintiff's Claims and Applicable Statute of Limitations

Plaintiff's claims clearly sound in fraud, and Virginia Code § 8.01-243(A) bars her claims at law and in equity through the doctrine of laches. The central defect with the mortgage loans and foreclosure is that Plaintiff claims she was not a party to any of the transactions, had no knowledge of them, and did not consent to the loans. Plaintiff has omitted any explanation of how her signature appeared on each of the deeds of trust, and of who perpetrated the fraud. She simply states she "has her suspicions" about who "arranged for these mortgage loans" and why Wells Fargo issued the loans "without [her] involvement." She hopes to gain more information through discovery. Resp. on Mot. to Dismiss 4 n.1.

At this stage, this Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in her favor. *Erickson*, 551 U.S. at 94. Doing so, Plaintiff plainly claims fraud through forgery of her signature on the deeds of trust for the 2005, 2006, and 2009 mortgages on the Cross Road Property. She denies knowledge, involvement, or consent to the

7

transactions, but admits that her signature appears on the deeds of trust. Although she avoids using any iteration of the word "forgery," a forgery seems the only logical explanation of the facts Plaintiff pleads, if taken as true.

In Virginia, forgery constitutes fraud. *See, e.g.*, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999) (dismissing claim that "government contractor submitted false signature on purchase requisition form" because not stated with sufficient particularity under Rule 9(b), lacking detail about "which signature was fraudulent or unauthorized, []or who perpetrated the fraud, []or how the signature was fraudulent."); *Dillard v. Virginia*, 529 S.E.2d 325, 326 (Va. Ct. App. 2000) ("Forgery is a common law crime in Virginia . . . [and] is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'"); *Barbour v. Barbour*, 156 S.E. 365, 366–67 (Va. 1931) ("Of course, if the deed was a forgery and a fraud upon Mrs. Barbour, she should have repudiated it promptly."); *cf.* Black's Law Dictionary (9th ed. 2009), forgery ("[F]orgeries are a species of fraud.").

At least two courts faced with analogous claims under Virginia law have refused to consider those claims under the adverse possession statute of limitations, instead applying the statute of limitations for fraud. *See, e.g.*, *Burton v. Terrell*, 368 F. Supp. 553, 557 (W.D. Va. 1973) (applying Virginia's statute of limitations for fraud when plaintiff claimed adverse possession limitations period should apply, because "where a vendee has a valid deed of bargain and sale which the vendor contends he was fraudulently induced to execute," the case is based in fraud); *Jenner v. Dalton*, No. 97097, 1991 WL 834728, at *1–2 (Va. Cir. Ct. Jan. 16, 1991) (holding adverse possession statute of limitations not applicable "because this action, as plead,

8

arises from Defendant Sharon L. Dalton's allegedly fraudulent execution of a deed," and applying Va. Code § 8.01-243).

I will do the same here. Plaintiff pleads that the mortgage loans and resulting foreclosure are invalid in part because she did not consent or become a party to the loan transactions. Taken as true, her allegations require that a forgery occurred, due to her apparent signature on the deeds of trust. Since forgery is a type of fraud in Virginia, Virginia Code § 8.01-243 applies a two-year statute of limitations to Plaintiff's claims. Va. Code § 8.01-243 ("[E]very action for damages resulting from fraud, shall be brought within two years after the cause of action arises."). Plaintiff's amended complaint pleads that she discovered the Cross Road Property secured the 2005, 2006, and 2009 mortgages "[d]uring 2010 and 2011." Am. Compl. ¶ 17. Even if this Court assumes that Plaintiff's claims accrued on December 31, 2011, the statute of limitations on those claims expired on December 31, 2013. *See generally Schmidt*, 661 S.E.2d 834, 838–39 (Va. 2008) (holding that fraud accrues, for the purposes of Virginia's statute of limitations, when it "is discovered or by the exercise of due diligence reasonably should have been discovered.").

Plaintiff did not file this suit until April 4, 2014, when she filed her complaint in the Fluvanna County Circuit Court. Therefore, she filed her complaint beyond § 8.01-243's statute of limitations, and it is barred at law. Since equity follows the legal statute of limitations, the doctrine of laches also bars Plaintiff's fraud-based forgery claims in equity. *See Kappa Sigma Fraternity*, 587 S.E.2d at 707; *Windsor Indus., Inc.*, 630 S.E.2d at 524–25; *Chen*, 2008 WL 4693556, at *3.

9

## B. Validity of Foreclosure Sale

Plaintiff also appears to request a rescission of the foreclosure sale and injunctive relief based on illegality in the foreclosure process.[5] First, Plaintiff claims that the "substitute trustee . . . was given authority to conduct [the foreclosure] sale by a legally ineffective document," resulting in the substitute trustee lacking authority to conduct the foreclosure sale." Am. Compl. ¶ 22. Second, Plaintiff claims that "[a]lthough the foreclosure sale was supposed to be a public auction, in fact the public was not invited to bid at the sale when it was held," and Wells Fargo purchased the Cross Road Property privately. Am. Compl. ¶¶ 23–25. This did not follow the process set forth in the public notice of the foreclosure sale. Am. Compl. ¶ 25.

Defendant counters that Plaintiff is not entitled to an injunction preventing Wells Fargo from removing her from the property on these bases, nor a rescission of the foreclosure sale, because adequate remedies at law exist. Instead of seeking injunctions based on alleged flaws in the foreclosure sale process, Defendant contends Plaintiff must file a breach of contract action alleging violations of the deed of trust. Since she has not done so, this Court should dismiss her claims for injunctive relief and rescission based on any flaws in the foreclosure process.

In Virginia, rescission and injunctive relief are equitable remedies. *See generally Runion v. Helvestine*, 501 S.E.2d 411, 416 (Va. 1998) (noting rescission is an equitable form of relief and denying request for rescission because the plaintiffs did "not allege any of the usual grounds for rescission, such as 'fraud, mistake, illegality, disability, concealment, [or] undue influence.'"); *Mathews v. PHH Mortgage Corp.*, 724 S.E.2d 196, 199 n.1 (Va. 2012) (noting the "[e]quitable relief" of an injunction would be available to enjoin an improper foreclosure before it occurred). Equitable relief is generally not available when a plaintiff has an adequate remedy

---

[5] Any illegality stemming from Plaintiff's fraud allegations is encompassed by Virginia Code § 8.01-243, and is likewise barred under that analysis. I will only discuss Plaintiff's illegality claims that do not depend on fraud.

at law. *Schmidt*, 661 S.E.2d at 837–38 (calling rescission of a deed of trust "a remedy which calls for the highest and most drastic exercise of the power of a court of chancery," and noting "there must be first a sufficient averment of facts showing the plaintiff entitled in equity to the relief which he seeks, and satisfactory proof of these facts, to justify the interposition of the court); *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011) (observing that a plaintiff seeking a permanent injunction must demonstrate, among other things, "that remedies available at law, such as monetary damages, are inadequate to compensate" for the injury alleged).

In *Mathews v. PHH Mortgage Corp.*, the Supreme Court of Virginia observed "the principle that damages may be awarded at law after a foreclosure sale has been conducted improperly because the power of foreclosure has not accrued," and that "[e]quitable relief is available to enjoin the improper sale before it occurs as well." *Mathews*, 724 S.E.2d at 199 n.1 (citing *Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898, 901 (Va. 2008)). Since damages are available to compensate a plaintiff for an improperly-conducted foreclosure sale, a permanent injunction or rescission of the sale would not be proper remedies to award Plaintiff in this case. *Schmidt*, 661 S.E.2d at 837–38; *Legend Night Club*, 637 F.3d at 297. Accordingly, her complaint states no plausible claim for which this Court could grant the equitable relief she seeks, and I will dismiss it.[6] *See, e.g., Browning v. Fed. Nat. Mortgage Ass'n*, No. 1:12CV00009, 2012 WL 1144613, at *4 (W.D. Va. Apr. 5, 2012) (refusing to issue injunction against a plaintiff's eviction from property she claimed was illegally foreclosed upon because she failed to state any cause of action that would make the eviction a "wrong," and therefore "failed to state any cause of action that would support the issuance of an injunction.").

---

[6] I also note that Plaintiff has provided only a legal conclusion that the substitute trustee did not have the legal authority to conduct the foreclosure sale. Am. Compl. ¶ 22. This bare and conclusory statement proves insufficient under Rule 12(b)(6). *Iqbal*, 129 S. Ct. at 1950–51 (2009) ("Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth."); Fed. R. Civ. P. 12(b)(6).

11

Finally, case law on this subject is not settled, but suggests that Plaintiff may have no cause of action under Virginia law for a general wrongful foreclosure claim, to enjoin her eviction from the property in these circumstances. Instead, if the foreclosure sale violated the provisions of the deed of trust, she would likely need to bring a breach of contract claim against Defendant for breaching the terms of the deed of trust. *See, e.g.*, *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00062, 2012 WL 204288, at *7–8 (W.D. Va. Jan. 24, 2012) (noting "it is unclear whether Virginia even recognizes the tort of 'wrongful foreclosure,'" and that "the deed of trust spells out the powers an duties of the trustee with respect to the sale of the property following the initiation of foreclosure."); *Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) (holding that "Virginia does not recognize a cause of action for wrongful foreclosure."). *Neil v. Wells Fargo Bank N/A*, No. 1:13-CV-644, 2013 WL 4782030, at *3 (E.D. Va. Sept. 4, 2013) (dismissing claim for "Equitable Action to Rescind the Sale" because "[t]here is no equitable claim to rescind a foreclosure sale in Virginia."); *cf. Mayo v. Wells Fargo Bank, N.A.*, No. 4:13CV163, 2014 WL 1493190, at *10–11 (E.D. Va. Apr. 11, 2014) (declining to find that a plaintiff could not bring a breach of contract claim for an equitable remedy to set aside the foreclosure if plaintiff received inadequate notification of her right to cure default under the deed of trust).

At this juncture, Plaintiff's non-conclusory factual allegations, taken as true, are not eligible for the rescission and injunction she requests. Plaintiff has adequate remedies under breach of contract at law for these alleged flaws in the foreclosure process. I will therefore dismiss her claims for injunctive relief along with her claim to quiet title.

## V. Conclusion

For the reasons stated above, and as set forth in an accompanying order, this Court will grant Defendant's Motion to Dismiss Plaintiff's amended complaint and dismiss this case, striking it from the active docket of this Court.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff, and to all counsel of record.

Entered this 13th day of August, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE