**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HOLLY J. FOSTER,<br><br>                   *Plaintiff,*<br>      v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                   *Defendant.* | CASE NO. 3:14-cv-00017<br><br><br><br>**MEMORANDUM OPINION** |

This matter is before the Court on Plaintiff Holly J. Foster's ("Plaintiff") Motion to Alter Judgment and Motion for Preliminary Injunction (the "Motions"). For the reasons set forth below, Plaintiff's Motions will be denied in a separate Order to follow.

### I. BACKGROUND

Plaintiff purchased property located at 246 The Cross Road, Scottsville, VA (the "Cross Road Property") at a foreclosure sale in 1999. Over the years, Plaintiff and her mother entered into a number of loan transactions with Wachovia Bank, all of which were secured by the Cross Roads Property. In 2011, Plaintiff's loans entered into default. Wells Fargo, the valid holder of the loan, then sold and purchased the Cross Road Property at a foreclosure sale on August 21, 2012. Thereafter, Plaintiff refused to move out of the Cross Road Property, which prompted Wells Fargo to file an unlawful detainer action against her in Fluvanna County General District Court. The Fluvanna County General District Court granted relief in favor of Wells Fargo, which was subsequently affirmed by the Circuit Court of Fluvanna County.

Plaintiff then filed another complaint in the Circuit Court of Fluvanna County, seeking to litigate a different set of issues regarding the validity of the foreclosure sale. On April 30, 2014,

1

Defendant removed the case to this Court on the basis of diversity jurisdiction. On May 20, 2014, Plaintiff filed an amended complaint, changing her declaratory judgment request to a request for an "Order to Quiet Title." Defendant filed a motion to dismiss Plaintiff's Amended Complaint on June 3, 2014, asserting that Plaintiff's claim is time-barred in law and equity and that she is not entitled to injunctive relief.

In her complaint, Plaintiff argued Wells Fargo did not possess legal authority to foreclose on the Cross Road Property. Plaintiff claimed she was never a party to the loan transactions and therefore never agreed to encumber the Cross Roads Property. She made this claim despite the fact that her signature conspicuously appears on each of the relevant loan documents. Accordingly, this Court construed Plaintiff's claim regarding the unauthorized use of her signature as tantamount to a claim of fraud. *Foster v. Wells Fargo Bank, N.A.*, No. 3:14-cv-00017, 2014 WL 3965059, at *4 (W.D. Va. Aug. 13, 2014) ("Plaintiff plainly claims fraud through forgery of her signature on the deeds of trust for the 2005, 2006, and 2009 mortgages on the Cross Roads Property."). This Court therefore applied the relevant two-year statute of limitations and determined that Plaintiff's claims were time-barred. *Id.* at *5-6.

Plaintiff also requested an injunction preventing Wells Fargo from removing her from the Cross Roads Property on the grounds that it conducted the foreclosure sale without following the notice provisions in the loan agreements. After noting that injunctive relief is "generally not available when a plaintiff has an adequate remedy at law," *id.* at *6 (citing *Schmidt v. Household Finance Corp., II,* 661 S.E.2d 834, 837-38 (Va. 2008)), this Court rejected Plaintiff's claim because she could still obtain relief through a state law breach of contract action. *Id.* at *7.

This Court therefore dismissed Plaintiff's complaint in its entirety. Plaintiff now seeks an injunction "barring the defendant, Wells Fargo Bank, N.A., from seeking to remove the

[P]laintiff from her home." Plaintiff argues she is entitled to such relief because she is likely to succeed in persuading me to reverse my previous judgment. Plaintiff contends that I should do so in light of Federal Rule of Civil Procedure 59(e), which permits district courts to alter or amend a judgment in order to "correct a clear error of law or prevent manifest injustice." Plaintiff claims she is entitled to such relief because I committed three separate errors of law. First, she argues "this Court's conclusion that Ms. Foster's claim against Wells Fargo should be treated, for statute of limitations purposes, as a claim for fraud and not as a claim for adverse possession is incorrect." Second, even assuming I applied the appropriate statute of limitations, Plaintiff argues "it is clear that the statute had not run at the time Ms. Foster filed [suit.]" Finally, Plaintiff argues "[b]ecause she was not a party to the loan agreement . . . it is clear that Ms. Foster could not bring an action against Wells Fargo for breach of contract." Therefore, "[t]he Court's conclusion that this is what she should have done is . . . incorrect."

## II. LEGAL STANDARD

In order for Plaintiff to obtain injunctive relief, she must show that: (1) she is likely to succeed on the merits of her underlying Motion to Alter Judgment; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). With respect to the first element, the United States Court of Appeals for the Fourth Circuit recognizes three grounds for granting Plaintiff's Motion to Alter Judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 149 F.3d 396, 402 (4th Cir. 1998).

3

### III. DISCUSSION

Plaintiff does not identify any fact or law that I have overlooked, but instead argues that I committed three separate errors of law in my previous decision. Plaintiff's Motion fails, however, because she is unable to identify any conclusion of law that requires reconsideration. Plaintiff first argues I clearly erred by applying the statute of limitations for fraud instead of adverse possession. This argument is nothing more than a reiteration of the argument she previously made in opposing Defendant's Motion to Dismiss. Because Rule 59(e) is not a vehicle for relitigating old matters, this argument fails. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 149 F.3d 396, 403 (4th Cir. 1998) (noting that Rule 59(e) "may not be used to relitigate old matters" or to "raise argument which could have been" previously raised).

Plaintiff next argues I clearly erred in deciding that her claim was barred under the statute of limitations applicable to fraud. For purposes of the statute of limitations, a claim of fraud accrues when it "is discovered or by the exercise of due diligence reasonably should have been discovered." *Schmidt v. Household Finance Corp., II*, 661 S.E.2d 834, 838-39 (Va. 2008). Plaintiff admits that she discovered the Cross Roads Property secured the relevant loan documents "during 2010 and 2011." Because Plaintiff claims she never signed these documents, she should have discovered the facts forming the basis of a fraud claim in 2011. Accordingly, I found that, at the latest, "the statute of limitations on [Plaintiff's fraud] claims expired on December 31, 2013." *Foster v. Wells Fargo Bank, N.A.*, No. 3:14-cv-00017, 2014 WL 3965059, at *4 (W.D. Va. Aug. 13, 2014). Plaintiff has pointed to no law that demonstrates this conclusion is incorrect. Plaintiff's second argument therefore fails.

Plaintiff's final argument is that "[b]ecause she was not a party to the loan agreement . . . it is clear that [she] could not bring an action against Wells Fargo" with regard to the alleged

4

defects in the foreclosure sale. Plaintiff therefore argues "[t]he Court's conclusion that this is what she should have done is . . . incorrect." It should be noted that Plaintiff's complaint set out two alternative theories for relief, both of which may be accepted as true at the motion to dismiss stage of litigation. *See* Fed. R. Civ. P. 8(d)(2). With respect to Plaintiff's second theory, she argued the foreclosure sale should have been rescinded because Defendants failed to comply with the loan agreements' notice provisions governing foreclosure. Assuming Plaintiff had actually been a party to the contract, I held that Plaintiff could address any defects in the sale through a breach of contract action. Plaintiff has not identified how this conclusion constitutes a "clear error of law," and therefore Plaintiff's final argument also fails.

Because Rule 59(e) is not a vehicle for relitigating old matters and Plaintiff has failed to identify any of the grounds for altering or amending a judgment recognized by the Fourth Circuit, Plaintiff's Motions will be denied in a separate Order to follow. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this __2nd__ day of October, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5